NOT DESIGNATED FOR PUBLICATION

No. 111,839

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NATHAN A. NAUGHTON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed September 18, 2015. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., GARDNER, J., and WALKER, S.J.

*Per Curiam*: Pursuant to a plea agreement, Nathan A. Naughton pled guilty to violating the Kansas Offender Registration Act (KORA). The sentencing court departed to grant him probation for 24 months with an underlying 36-month prison sentence. His sentence was to be served consecutive to his sentence in the case which was the source of the KORA registration requirement: his prior convictions for two counts of aggravated robbery. That other case is the subject of a separate appeal now before us.

About 4 months after sentencing, Naughton was cited for a multitude of probation violations that occurred during or after February 2014. The charged violations included

1

allegations that Naughton had violated the rules of his community corrections facility, that he had failed to attend drug treatment as ordered, and that he had committed a new offense by possessing contraband in a correctional facility.

Naughton stipulated to these probation violations, including the new drug offense committed while on probation. The district court found that the requirement for a graduated sanction found in H.B. 2170, codified in K.S.A. 2013 Supp. 22-3716(c), did not apply because Naughton's crimes occurred before the effective date of this statutory provision. Nevertheless, the court found:

> "In the event it is found applicable, I'm finding that pursuant to 2170 criteria, a new crime of possession has been committed. I will also find it also overrides provisions for the defendant's welfare.
>> "Public safety would be applicable noting the defendant's extensive history as to probation violations and including self-harming narcotic substances and placing himself in situations that are potentially harmful to himself or others, and I would note that continuation of probation would not be in the defendant's welfare based upon the exhibited history to date."

The district court revoked Naughton's probation and ordered him to serve his prison sentence but modified the sentence to make it concurrent rather than consecutive to his prior sentences for aggravated robberies. On appeal, Naughton makes three arguments:

> (1) K.S.A. 2013 Supp. 22-3716(c), which was effective July 1, 2013, applied retroactively to crimes committed before its enactment because it is procedural in nature. Thus, the district court was required either to impose a graduated sanction or to make adequate findings before sending him to prison.

2

(2) The district court erred in failing to make findings with sufficient particularity under K.S.A. 2013 Supp. 22-3716(c)(9) to bypass the graduated sanction requirement.

(3) The district court abused its discretion in sending Naughton to prison because his probation violations were "minor missteps" in his efforts to comply with the requirements of probation.

*Review Standards*

Naughton's contentions raise issues of statutory interpretation, which are issues of law subject to unlimited review. *State v. Looney*, 299 Kan. 903, 906, 327 P.3d 425 (2014). The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *State v. Williams*, 298 Kan. 1075, 1079, 319 P.3d 528 (2014). We must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meaning. *State v. Phillips*, 299 Kan. 479, 495, 325 P.3d 1095 (2014). When a statute is plain and unambiguous, we will not speculate about legislative intent and will refrain from reading something into the statute that is not readily found in its words. *State v. Brooks*, 298 Kan. 672, 685, 317 P.3d 54 (2014).

With respect to Naughton's contention that the district court abused its discretion in revoking his probation and sending him to prison, an abuse of discretion only occurs when a judicial action is arbitrary, fanciful, or unreasonable; based on an error of law; or based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). Naughton bears the burden of demonstrating an abuse of discretion. See *State v. Lowrance*, 298 Kan. 274, 291, 312 P.3d 328 (2013).

*Applicability of the Graduated Sanction Statute*

With respect to Naughton's first contention, K.S.A. 22-3716 was amended by way of H.B. 2170 as of July 1, 2013, so as to include a series of graduated sanctions that a district court may impose upon a finding that an offender has violated a condition of release or assignment where the original crime of conviction was a felony. See. L. 2013, ch 76, § 5; compare K.S.A. 2012 Supp. 22-3716(b) with K.S.A. 2013 Supp. 22-3716(c). Here, the court considered the date of Naughton's crimes, not the dates of his probation violations which were after the statutory change.

The statute is silent as to whether it operates prospectively or retroactively. Nonetheless, K.S.A. 22-3716 was amended once again as of July 1, 2014, and the new amendment provides this court with legislative guidance on this point. K.S.A. 2014 Supp. 22-3716(c)(12) states:

> "The violation sanctions provided in this subsection shall apply to any violation of conditions of release or assignment or a nonprison sanction occurring on and after July 1, 2013, regardless of when the offender was sentenced for the original crime or committed the original crime for which sentenced."

Here, because Naughton's probation violations occurred in February 2014 at the earliest, by the plain language of K.S.A. 2014 Supp. 22-3716(c)(12) the 2013 graduated sanction provisions of K.S.A. 22-3716(c) applied to him.

*Adequacy of Findings*

With respect to Naughton's second contention, K.S.A. 2013 Supp. 22-3716(c)(9) states:

4

"The court may revoke the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction of an offender pursuant to subsection (c)(1)(E) without having previously imposed a sanction pursuant to subsection (c)(1)(B), (c)(1)(C) or (c)(1)(D) if the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction."

As noted earlier, the district court made findings with respect to the issue of public safety and Naughton's welfare should a graduated sanction be imposed. The issue is whether those findings were set forth with sufficient particularity to enable the court to bypass imposing a graduated sanction and to send Naughton to prison.

Naughton did not challenge the adequacy of the district court's findings prior to this appeal. Ordinarily, this would bar our review of the matter. See *State v. Kelly*, 298 Kan. 965, 971, 318 P. 3d 987 (2014). Nevertheless, we can address the issue because we have a verbatim record of the district court's findings, and there simply remains the legal issue whether these findings are sufficiently particular.

Here, the district court complied with the requirements of K.S.A. 2013 Supp. 22-3716(c)(9) when it determined that the safety of members of the public would be jeopardized and that Naughton's welfare would not be served by the imposition of an intermediate sanction. The court specifically noted that Naughton's welfare would not be served due to his use of self-harming narcotic substances and his propensity for placing himself in situations that could be harmful to himself or others. Additionally, the district court engaged in a lengthy colloquy when it decided to revoke Naughton's probation, stating:

"[U]ltimately you've become a danger to the community, because if you can't be monitored properly on probation, then you should not be on probation. And your history

5

indicates that you can't comply with this probation and can't be properly monitored. So that is extremely concerning."

Taken as a whole, the district court's statements on the record satisfy the requirement of particularity found in K.S.A. 2013 Supp. 22-3716(c)(9).

Besides, we have to take into account K.S.A. 2013 Supp. 22-3716(c)(8), which allows the district court to revoke a probationer's probation without having previously imposed a graduated sanction "[i]f the offender commits a new felony or misdemeanor . . . while the offender is on probation." Naughton stipulated that he committed a new crime while on probation when he possessed a controlled substance while in a correctional facility. The district court stated: "In the event it is found applicable, I'm finding that pursuant to 2170 criteria, a new crime of possession has been committed." By the plain language of subsection (c)(8), the district court had the authority and the discretion under the facts of this case to revoke Naughton's probation without first having imposed a graduated sanction.

*Abuse of Discretion*

For his final contention, Naughton asserts that the district court abused its discretion when it revoked his probation and ordered him to serve his underlying sentence for "minor missteps." He maintains that the evidence showed he was making efforts to comply with his probation.

Unless required by law, probation is granted as a privilege and not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). We will not overturn the district court's revocation of Naughton's probation absent a finding that the district court abused its discretion. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008).

6

Naughton was originally on probation for two convictions for aggravated robbery. He was required to register under KORA in that case. He then committed the KORA violation which is the subject of this case. Nevertheless, his probation was renewed in the aggravated robberies case, and he was granted probation in this case by way of a departure. Rather than taking advantage of the good graces of the two sentencing courts, within a few short months Naughton accumulated multiple probation violations and committed a new crime while on probation: possessing contraband in a correctional facility. In considering the matter, the district court focused on the multitude of probation violations and the commission of the new offense while on probation in concluding that Naughton was not amenable to probation. We find the district court's analysis to be reasonable under the circumstances. We conclude that the district court did not abuse its discretion by revoking Naughton's probation and sending him to prison to serve his sentence.

Affirmed.